**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212-373-3191

WRITER'S DIRECT FACSIMILE
212-492-0191

WRITER'S DIRECT E-MAIL ADDRESS
mflumenbaum@paulweiss.com

April 12, 2019

**By ECF and Hand Delivery**

The Honorable J. Paul Oetken
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

*Lively* v. *Wafra Inc., et al.*,
No. 1:19-cv-03257 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

      We represent Defendants Wafra Investment Advisory Group, Inc., a/k/a Wafra, Inc. ("Wafra") and Fawaz Al-Mubaraki in the above-captioned action filed yesterday evening by Plaintiff Francis P. Lively. According to the civil cover sheet filed with Mr. Lively's complaint (Dkt. 2), and in violation of this Court's Local Rule 1.6,[1] Mr. Lively did not designate that action as related to another action that has been pending

---

[1] Local Rule 1.6 provides: "It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." L.R. S.D.N.Y. 1.6(a).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. J. Paul Oetken     2

against him and Wafra in this Court, *Kraut* v. *Wafra Inc., et al.*, No. 1:18-cv-11155 (DAB) (S.D.N.Y.).[2]

       Although it was Mr. Lively's responsibility to bring this information to the Court's attention in the first instance, the Local Rules for the Division of Business Among District Judges permit a determination of relatedness to be made upon a request in writing to the judge assigned in the case by random selection. *See* L.R. S.D.N.Y. 13(b)(3). We therefore write to inform Your Honor that Mr. Lively's action is clearly related to the prior filed Kraut action and respectfully request that it be designated as such and reassigned to Judge Batts.

       Under the criteria set forth in Local Rule 13(a)(1), Mr. Lively's action is directly and unquestionably related to the one filed by Ms. Kraut. Mr. Lively's action concerns the same parties as, and substantially factually overlaps with, Ms. Kraut's action. Mr. Lively asserts federal age discrimination claims against Wafra and its CEO, Fawaz Al-Mubaraki, under the Age Discrimination in Employment Act, as well as quantum meruit claims against Wafra, in connection with his termination from Wafra in May 2018. Mr. Lively alleges that Wafra's stated reason for his termination, Ms. Kraut's allegations and evidence that he sexually harassed and discriminated against her on the basis of her gender, is pretextual. Wafra's defense to that claim will be that it lawfully terminated Mr. Lively following its investigation of Ms. Kraut's allegations of his harassment and discrimination.

       Ms. Kraut's pending action before Judge Batts asserts federal, state, and city sexual harassment and gender discrimination claims against Mr. Lively and Wafra, as Mr. Lively's employer, on the basis of *those same allegations*. There can be no separating the allegations underlying the two actions. And although Wafra has not yet answered Ms. Kraut's complaint, Wafra intends to file a cross-claim against Mr. Lively in that action for breach of contract arising out of Mr. Lively's violation of the anti-harassment and anti-discrimination policies in Wafra's Employee Handbook—which will require proof of the same facts as Wafra's defense to Mr. Lively's claims. Thus, not only will there be substantial and necessary overlap in discovery in the two actions, but if Mr. Lively is found to have engaged in sexual harassment and discrimination in Ms. Kraut's action, Wafra as a matter of law cannot be liable for pretextual and discriminatory termination in Mr. Lively's action. Whether a party would be subjected to conflicting orders is of paramount concern in the determination of whether two actions are related under Rule 13(a)(1).

---

[2]    A copy of the complaint in Ms. Kraut's action is attached for the convenience of the Court as Exhibit A.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. J. Paul Oetken 3

       Defendants therefore respectfully request that the two actions be designated as related and that this action be transferred to Judge Batts.

                              Respectfully submitted,

                              /s/ Martin Flumenbaum
                              Martin Flumenbaum

cc: Counsel of Record (by ECF)