**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANCIS P. LIVELY, <br><br> Plaintiff, <br><br> v. <br><br> WAFRA INVESTMENT ADVISORY GROUP, INC., a/k/a WAFRA INC., and FAWAZ AL-MUBARAKI, <br><br> Defendants. | Case No. 19-cv-03257-JPO <br><br> **DEFENDANTS' ANSWER TO** <br> **THE COMPLAINT** |

### General Response

As Mr. Lively is well aware, Defendant Wafra Investment Advisory Group, Inc. a/k/a Wafra Inc. ("Wafra") terminated him following an internal investigation into a complaint by one of Mr. Lively's direct subordinates that he sexually harassed and discriminated against her for six years.  Mr. Lively's allegations to the contrary—that he was fired for age discrimination—are meritless, asserted in bad faith, and cannot be plausible given the overwhelming documentary evidence showing that he had repeatedly expressed unwelcome romantic feelings toward this subordinate, in flagrant violation of employee policies to which Mr. Lively was indisputably subject.  Mr. Lively is no doubt familiar with the volume of evidence demonstrating his inappropriate romantic feelings toward one of his subordinates, given that he authored each improper communication and/or uttered each suggestive comment.  His lawsuit against Wafra and Fawaz Al-Mubaraki represents a bad faith effort to penalize Wafra for taking appropriate employment action against Mr. Lively in light of his misconduct.

On April 11, 2018, Sabine Kraut reported to Wafra for the first time that her supervisor, Mr. Lively, had been harassing and discriminating against her for six years. Wafra promptly began an investigation into Ms. Kraut's allegations. During its investigation, Ms. Kraut's counsel gave Wafra's outside counsel a file of materials from Mr. Lively that revealed his unwelcome romantic feelings towards Ms. Kraut. Between the time Mr. Lively became Ms. Kraut's supervisor in 2012 and his termination for cause on May 1, 2018, Mr. Lively repeatedly confessed his romantic feelings towards Ms. Kraut—and acknowledged that Ms. Kraut did not reciprocate his feelings—during conversations and through numerous cards and handwritten notes. Upon reviewing these materials, Wafra determined that it had no choice but to terminate Mr. Lively as a result of his misconduct.

During a conversation between Mr. Lively and Ms. Kraut on October 26, 2017, a transcript of which is attached as **Exhibit A**, Mr. Lively conceded that he had sustained unsolicited romantic feelings for Ms. Kraut for six years, that she had previously rejected and continued to reject such feelings, and that his feelings negatively affected the way in which he treated employees and made it impossible for him to maintain an appropriate, professional relationship with Ms. Kraut. Mr. Lively explained that he "had six years of dealing with [Ms. Kraut]," which he described as "beyond torture[,] [b]eyond torture" because of his unrequited romantic feelings toward her. (Ex. A at 8.) He admitted that he was "tripping over [his] own feelings" and that "Ms. Kraut "[did] nothing to encourage it." (*Id.*) It was simply Mr. Lively's "own stupidity." (*Id.*)

During this conversation, Mr. Lively repeated, as he apparently had "many times" before, that his romantic feelings were "obviously [his] issue," and that Ms. Kraut "[didn't] have those feelings[.]" (*Id.* at 5.) He recognized that "whether [he] encourage[d] these feelings or

2

[Ms. Kraut] encourage[d] them, the bottom line is that there [was] no . . . back and forth" and that his romantic feelings were "a one way street" that was entirely "[his] issue . . . ." (*Id.* at 6.)

Not only were his romantic feelings unreciprocated by Ms. Kraut, but also Mr. Lively recognized that his "feelings [for Ms. Kraut] [were] such that they g[ot] in the way" professionally. (*Id.* at 3.) Mr. Lively conceded that "[he didn't] believe that [he was] impartial and [he didn't] believe that [he was] being necessarily fair then to [himself], [Ms. Kraut], or others for that matter," and that his "impartiality [was] problematic." (*Id.*) Mr. Lively also admitted that his "demanding" attitude towards Ms. Kraut was a "problem" that resulted from his "own . . . mixed up feelings." (*Id.* at 4.) This conversation alone would support Wafra's decision to terminate Mr. Lively for cause. But among the materials provided by Ms. Kraut, it merely represented the most recent example of Mr. Lively's lengthy record of misconduct.

Based upon the evidence Wafra reviewed during its investigation into Ms. Kraut's complaint against Mr. Lively, it became clear that Mr. Lively's unwelcome romantic feelings towards Ms. Kraut began in 2012. In December 2012, Mr. Lively sent Ms. Kraut a Christmas card to her home with a note enclosed. A copy of this card and note is attached as **Exhibit B**. Referring to Ms. Kraut as "baby sister" and "schatzie," the German word for darling, Mr. Lively confessed that "never ha[d] [he] loved and desired so much, but been left so unrequited." (*Id.*) He clarified, "That's **you** we're talking about and it is and will be what it is, I don't control that." (*Id.*) Mr. Lively admitted in the letter that he had "made mistakes for sure, especially in the last year," and "regret[ted] them and sincerely apologized for them." (*Id.*) He avowed—despite recognizing his feelings were unrequited—that if Ms. Kraut continued to work with him, he would "always have the small pleasures of innocently taking [her] hand to examine [her] thumb and with that touch, feel[] 8 miles high, or taking [her] arm to whisper something to [her] at a

3

meeting and catching that wonderful scent of [her]." (*Id.*)  Mr. Lively instructed Ms. Kraut to

"[g]ive [her]self the chances that [she] deserve[s] by lowering the walls around [her], if not

eliminating them (step out of the chalk circle)[]" and to "[a]llow [him] the continued chance to

work with [her] in 2013[.]" (*Id.*)  Mr. Lively's December 2012 written profession of unwelcome

romantic feelings was simply one among many.

      Mr. Lively also gave Ms. Kraut a series of handwritten love letters and notes

written on his personalized stationary, often including love poems.  On a copy of a love poem

about fleeting days spent courting young girls, Mr. Lively wrote "[f]or me, the days I spent with

you[.] Love[.]"  A copy of this note is attached as **<u>Exhibit C</u>**.  In one of his handwritten notes,

after including a love poem comparing love to an arrow that landed on a "friend," Mr. Lively

wrote to "Sabi" and suggested that "[i]f we offer something of ourselves, love, eventually we

discover its effects[,] [and] [i]t comes back to us, like the 'unbroken arrow.'"  A copy of this note

is attached as **<u>Exhibit D</u>**.  In another of his handwritten notes, Mr. Lively included a love poem

and confessed "I wish my feelings were different, I will and am working hard to keep away.  We

now know the solution."  A copy of this note is attached as **<u>Exhibit E</u>**.  Wafra could not interpret

these representative examples of Mr. Lively's written advances towards Mr. Kraut as anything

other than unprofessional misconduct that violated its employee policies.

      Mr. Lively also gave Ms. Kraut unwelcome gifts.  In 2012, he gave her a

firecracker with a note that declared "Sabine, I think you are as hot as a firecracker!"  A copy of

this note is attached as **<u>Exhibit F</u>**.  He also mailed a note on his stationary to her home and

enclosed dried flowers, presumably from "9000 ft up" in Glacier National Park, as the note

indicated.  A copy of this note is attached as **<u>Exhibit G</u>**.  On other occasions, Mr. Lively gave

Ms. Kraut $200 in cash with a note to "put the money to good use," **<u>Exhibit H</u>**, a gift with a note

that recognized he was "a prideful man" which could "get a man in trouble," **Exhibit I**, and antique jewelry, **Exhibit J**.

Not only did Wafra and its outside counsel review these materials during its April 2018 investigation into Ms. Kraut's complaint of sexual harassment and discrimination, but also they interviewed Ms. Kraut for several hours and had a limited interview with Mr. Lively himself.  Less than three weeks after Ms. Kraut made her initial complaint, and after reviewing the materials provided during its investigation and meeting with Ms. Kraut and others, Wafra terminated Mr. Lively for cause.  Yvonne Compitello, another member of the real estate department, who is currently 66-years-old, replaced Mr. Lively after his termination as head of the department.

Mr. Lively cannot maintain that he was unaware of the investigation that preceded his termination.  Indeed, he was a participant in it.  During a discussion on April 30, 2018, Wafra's outside counsel informed Mr. Lively of the sexual harassment and discrimination allegations against him.  Mr. Lively admitted to certain of those allegations, including that he had requested Ms. Kraut sit next to him on flights, written her notes, given her gifts, and kissed her. After being interviewed for approximately 15 minutes, Mr. Lively terminated the interview to consult with counsel.

Contrary to Mr. Lively's assertion that he was denied "any opportunity for input" (Compl. ¶ 12), he admitted in part to Ms. Kraut's allegations of sexual harassment and discrimination.  After Mr. Lively terminated the interview, Wafra's outside counsel provided him with a letter from Robyn Padrone, Wafra's Director of Human Resources, notifying him of his immediate suspension without pay.  A copy of this letter is attached as **Exhibit K**.  After

ending the discussion on April 30, 2018, Mr. Lively refused to make himself available for any further conversations with Wafra's outside counsel.

Mr. Lively then received a letter dated May 1, 2018 from Fergus Healy, Wafra's Chief Administrative Officer, attached as **Exhibit L**, notifying Mr. Lively that he had been terminated for cause for violating company policies prohibiting discrimination and sexual harassment in the workplace and the company's Code of Ethics—policies that Mr. Lively had repeatedly acknowledged in writing that he received, reviewed, and understood, including on or about June 6, 1997, November 26, 2001, June 15, 2011, and March 27, 2017. Copies of Mr. Lively's policy acknowledgements are attached as **Exhibit M**.

Shortly after Mr. Lively's termination, Ms. Kraut filed a Complaint with the Equal Employment Opportunity Commission, which detailed many of her allegations against Mr. Lively. A copy of the EEOC Complaint and exhibits is attached as **Exhibit N**. Ms. Kraut's EEOC Complaint describes Mr. Lively's misconduct, including details of Mr. Lively forcibly kissing and touching her (Ex. N ¶¶ 11, 19), making sexual comments to her (*id.* ¶ 36), leering at her (*id.* ¶ 19), visiting her home without her permission (*id.* ¶ 49), confronting her in the office with his romantic feelings towards her (*id.* ¶ 22), calling her demeaning nicknames (*id.* ¶¶ 28, 32), directing that they travel together (*id.* ¶¶ 11, 18, 35), driving her to her home (*id.* ¶ 16), writing her unsolicited romantic messages (*id.* ¶¶ 12–15, 20–21, 30 ), and giving her unwanted gifts (*id.* ¶¶ 23, 27, 42).

Following receipt of a Notice of Right to Sue, Ms. Kraut filed an action in the United States District Court for the Southern District of New York, captioned *Kraut* v. *Wafra Inc., et al.*, No. 1:18-cv-11155 (DAB), in which she brought substantively similar allegations. A copy of the SDNY Complaint is attached as **Exhibit O**. Ms. Kraut alleged that she had "endured

six years of persistent sexual harassment at the hands of the man who had direct control over her career, career growth, and day-to-day tasks, and who exploited his superior position to inundate her with a barrage of unsolicited and unwanted advances during her past six years at Wafra." (Ex. O ¶ 2.)

Mr. Lively's Complaint ignores all of these facts and instead advances a meritless theory that he was terminated because of his age.  Mr. Lively cannot plausibly allege either that he was unaware of the true reason for his termination or that it was prompted by anything other than his own misconduct.

**Specific Response to Allegations**

Wafra and Fawaz Al-Mubaraki, by their attorneys, hereby answer the allegations in Plaintiff's Complaint, ECF No. 1 (the "Complaint"), as follows:

Each Defendant answers only those allegations that pertain specifically to it. With respect to allegations concerning another Defendant, each Defendant lacks knowledge and/or information sufficient to answer.  The headings in the Complaint are not allegations and therefore do not require a response.

The first paragraph of the Preliminary Statement purports to assert legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in the first paragraph of the Preliminary Statement.

Defendants deny the allegations contained in the second paragraph of the Preliminary Statement.

Defendants incorporate their General Response into each and every Specific Response to an allegation of the Complaint.

1.    Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit that Mr. Lively purports to base jurisdiction of this Court on 28 U.S.C. § 1331, 29 U.S.C. § 623, and 29 U.S.C. § 626(c)(1).

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that Wafra is headquartered and regularly does business in this District.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that Mr. Lively was appointed as the Senior Managing Director of Wafra's Real Estate Division in 2018 and served in that role until his termination for cause in May 2018. Defendants admit that Mr. Lively joined Wafra as Senior Vice President of Real Estate in 1997 and was promoted to Executive Vice President in 2014.

10.     Defendants admit the allegations contained in the first and second sentences of paragraph 10 of the Complaint.  Defendants deny the allegations contained in the third sentence of paragraph 10 of the Complaint, except admit that Mr. Lively was entitled to (a) certain carried interest as reflected by fully executed subschedules governed by the Wafra Realty L.P. Agreement and (b) certain direct investment entitlements in funds to which Wafra made capital contributions on Mr. Lively's behalf and to which Mr. Lively is entitled profits only upon repayment of Wafra's capital contributions.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that Mr. Al-Mubaraki praised Mr. Lively for his work at Wafra on occasion during 2017 and 2018.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint, except admit that, on April 30, 2018, Wafra's outside counsel and Fergus Healy, Wafra's Chief Administrative Officer, met with Mr. Lively to discuss Sabine Kraut's sexual harassment and discrimination complaint against him, Mr. Lively acknowledged that certain of Ms. Kraut's allegations were true, and Mr. Lively received a letter dated April 30, 2018 from Robyn Padrone, Wafra's Director of Human Resources, stating that he was suspended without pay, effective immediately.  Defendants further admit that Mr. Lively received a letter dated May 1, 2018 from Mr. Healy, notifying Mr. Lively that he had been terminated for Cause because he violated Wafra's policies prohibiting sexual harassment and discrimination and Wafra's Code of Ethics.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that in or around June 2017, Wafra appointed Fawaz Al-Mubaraki to the position of Chief Executive Officer, and in that position, Mr. Al-Mubaraki served as Mr. Lively's direct supervisor.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that, in lieu of a meeting with a Human Resources representative or Mr. Al-Mubaraki, Mr. Lively met with Wafra's outside counsel on April 30, 2018 to discuss Ms. Kraut's allegations of sexual harassment and discrimination, and Mr. Lively ended the meeting after only fifteen minutes and subsequently refused to participate in any additional discussions with Wafra's outside counsel.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint, except admit that Wafra decided, in light of the evidence provided to Wafra by Ms. Kraut following her sexual harassment and discrimination complaint, to terminate Mr. Lively for violating Wafra's policies prohibiting sexual harassment and discrimination and Wafra's Code of Ethics.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that Mohamad Khouja, Anthony Barbuto, Paul Mackin, P. Christopher Leary, and Peter Petrillo are no longer employed by Wafra.  Defendants further admit that the group formerly run by Peter Petrillo no longer exists at Wafra.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that Mr. Lively has not spoken about his termination with Ms. Padrone or Mr. Al-Mubaraki.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     To the extent the allegations of Paragraph 24 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with those documents.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that part of Mr. Lively's responsibilities for Wafra included managing certain Wafra funds, as well as raising capital.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.     The allegations in paragraph 32 of the Complaint purport to state legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 32 of the Complaint.

## COUNT I

### ADEA (Age Discrimination) – Against Defendant Wafra

33.     Defendants repeat and reallege paragraphs 1 through 32 of their responses to the previous allegations as if fully set forth herein.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

## COUNT II

### ADEA (Retaliation) – Against Defendant Wafra

39.     Defendants repeat and reallege paragraphs 1 through 38 of their responses to the previous allegations as if fully set forth herein.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

## COUNT III

**New York State Human Rights Law (Age Discrimination) – Against All Defendants**

44.     Defendants repeat and reallege paragraphs 1 through 43 of their responses to the previous allegations as if fully set forth herein.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

## COUNT IV

**New York State Human Rights Law (Retaliation) – Against All Defendants**

50.     Defendants repeat and reallege paragraphs 1 through 49 of their responses to the previous allegations as if fully set forth herein.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

## COUNT V

**New York City Human Rights Law (Age Discrimination) – Against All Defendants**

55.     Defendants repeat and reallege paragraphs 1 through 54 of their responses to the previous allegations as if fully set forth herein.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

## COUNT VI

### New York City Human Rights Law (Retaliation) – Against All Defendants

61.     Defendants repeat and reallege paragraphs 1 through 60 of their responses to the previous allegations as if fully set forth herein.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

## COUNT VII

### Tortious Interference with Prospective Business or Contractual Relations – Against All Defendants

66.     Defendants repeat and reallege paragraphs 1 through 65 of their responses to the previous allegations as if fully set forth herein.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

## COUNT VIII

### Defamation Per Se – Against All Defendants

78.     Defendants repeat and reallege paragraphs 1 through 77 of their responses to the previous allegations as if fully set forth herein.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

## COUNT IX

### Negligence – Against All Defendants

85.     Defendants repeat and reallege paragraphs 1 through 84 of their responses to the previous allegations as if fully set forth herein.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

## COUNT X

### Unjust Enrichment – Against All Defendants

92.     Defendants repeat and reallege paragraphs 1 through 91 of their responses to the previous allegations as if fully set forth herein.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

## COUNT XI

### Quantum Meruit – Against All Defendants

97.     Defendants repeat and reallege paragraphs 1 through 96 of their responses to the previous allegations as if fully set forth herein.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

## DEMAND FOR JURY TRIAL

104.    The allegation in paragraph 104 of the Complaint purports to state a legal conclusion to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve all rights to assert other and additional defenses, counterclaims and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these affirmative defenses, Defendants do not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places such burden upon Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Mr. Lively was terminated because he violated Wafra's policies prohibiting sexual harassment and discrimination and Wafra's Code of Ethics.

### THIRD AFFIRMATIVE DEFENSE

Mr. Lively has not established this Court's jurisdiction over each of his claims against Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Lively has not established each element of each of his claims against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' employment actions towards Mr. Lively were at all times taken based on legitimate, non-pretextual, non-discriminatory business reasons, including, but not limited to, Mr. Lively's violation of the Employee Handbook.

## SIXTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, while vigorously denying, that Defendants engaged in any of the alleged conduct towards Mr. Lively, Defendants would have engaged in the same course of conduct because of legitimate, non-pretextual, non-discriminatory business reasons that were completely unrelated to Mr. Lively's age including, but not limited to, Mr. Lively's violation of the Employee Handbook.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' employment actions with respect to Mr. Lively were at all times based on reasonable and legitimate business considerations other than his age, and therefore there can be no liability for those actions under 29 U.S.C. § 623(f)(1).

## EIGHTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, while vigorously denying, that Defendants engaged in any of the alleged conduct towards Mr. Lively, Defendants would have engaged in the same course of conduct for reasons completely unrelated to Mr. Lively's age, and therefore there can be no liability for that conduct under 29 U.S.C. § 623(f)(1).

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to this case, Defendants made a reasonable and good faith effort to prevent age discrimination in the workplace.

## TENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because he has failed, in whole or in part, to exhaust his administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, by his own wrongful, dishonest, inequitable, and/or fraudulent conduct, including his flagrant violations of the Employee Handbook and Code of Ethics.

## TWELFTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because he has breached his fiduciary duties, including the duties of loyalty and good faith, owed to Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because he has acted in bad faith and engaged in unfair dealing with Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because Mr. Lively has breached his contractual obligations to Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' actions were not the proximate cause of Mr. Lively's injuries, to the extent he has suffered any injuries.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any mental anguish, emotional distress, humiliation, or reputational damage suffered by Mr. Lively was not caused by Defendants or by any of their agents.

### NINETEENTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because Defendants have committed no act or omission causing injury or damage to Mr. Lively and Mr. Lively has suffered no economic losses.

### TWENTIETH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because Mr. Lively's own conduct was the proximate cause of any damages he sustained.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, by his failure to minimize or mitigate damages, to the extent any damages exist.

### TWENTY-SECOND AFFIRMATIVE DEFENSEF

Mr. Lively's claims for damages fail because damages are nonexistent, speculative, remote, not of the nature or to the extent alleged, were not the foreseeable result of Defendants' alleged conduct, and/or are impossible to prove.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants at all times acted without malice and made a good faith effort to comply with all applicable laws and statutes and therefore Mr. Lively cannot recover punitive damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, while vigorously denying, that Defendants violated the ADEA, their alleged violations were not "willful" within the meaning of the statute and therefore Mr. Lively cannot recover liquidated damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants issued press responses following Ms. Kraut's EEOC complaint, such responses were true statements.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Defendants have made any statements about Mr. Lively, Defendants have done so in good faith.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendants have made any statements about Mr. Lively, such statements were protected by Defendants' qualified privilege to make them.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Mr. Lively's defamation claim fails because the alleged harm and damages sustained by Mr. Lively, if any, are the result of the acts and/or omissions of Mr. Lively or other entities, not of Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants have not intentionally interfered with any contracts between Mr. Lively and any third parties.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants have not intentionally interfered with any business relationships Mr. Lively purports to have.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because of the contributory negligence, assumption of risk, and/or comparative fault of Mr. Lively

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because the New York Workers' Compensation Law preempts them.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Mr. Lively is unable to recover under a theory of quantum meruit or any like theory because he has been compensated for services rendered in his capacity as an employee of Wafra.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Mr. Lively's claims are barred, in whole or in part, because Mr. Lively would be unjustly enriched by any recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Mr. Lively's action lacks a substantial basis in fact and law and cannot be supported by substantial argument for the extension, modification, or reversal of existing law, and was commenced for the sole purpose of harassing, intimidating, punishing or otherwise burdening Defendants.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over Mr. Lively's state and/or city law claims.

Dated:   New York, New York
         July 12, 2019

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:  /s/ Martin Flumenbaum
Martin Flumenbaum
Brette Tannenbaum
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
mflumenbaum@paulweiss.com
btannenbaum@paulweiss.com

*Counsel for Defendants Wafra Investment Advisory
Group, Inc. and Fawaz Al-Mubaraki*